UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALISA BOLDEN<br><br>    Plaintiff,<br><br>v.<br><br>THE MOCK HOLDING COMPANY and MEDICAL BUSINESS BUREAU, LLC f/k/a MEDICAL BUSINESS BUREAU ACQUISITIONS, LLC<br><br>    Defendants. | CIVIL ACTION<br><br><br>COMPLAINT 1:18-cv-00376<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** DALISA BOLDEN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, THE MOCK HOLDING COMPANY ("Mock") and MEDICAL BUSINESS BUREAU, LLC f/k/a MEDICAL BUSINESS BUREAU ACQUISITIONS, LLC ("MBB") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. MBB is in the business of collecting delinquent consumer debts of others, including debts allegedly owed by Plaintiff. MBB's principal place of business is located at 1460 Renaissance Drive, Suite 400, Park Ridge, Illinois 60068 and it regularly collects upon individuals in Illinois. MBB's registered agent in Illinois is Eric Dennis Mock located at 1460 Renaissance Drive, Suite 400, Park Ridge, Illinois 60068.

7. Mock is an Illinois holding company located at 1460 Renaissance Drive, Suite 400, Park Ridge, Illinois 60068 and its registered agent, Eric Dennis Mock, is located at the same address. Upon information and belief, Mock is the holding company associated with MBB and regularly oversees MBB's operations.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. In or around May 2016, Plaintiff suffered an injury at her place of employment and was admitted to Elmhurst Hospital, incurring debt ("subject debt") as a result. Plaintiff allegedly incurred the subject debt prior to Defendants' collection attempts.

10. Plaintiff asserts that the subject debt should have been covered by her insurance plan.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 2227. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

12. Plaintiff began receiving collection calls to her cellular phone from MBB in early 2017 demanding payment on the subject debt which Plaintiff believed she did not owe.

13. Shortly after MBB began placing calls to Plaintiff's cellular phone, Plaintiff requested that MBB cease placing calls to her cellular phone.

14. On April 28, 2017, MBB sent Plaintiff a dunning letter demanding payment towards the subject debt.

15. Notwithstanding Plaintiff's demand that MBB cease placing calls to her cellular phone, Defendants placed or caused to be placed no less than 25 unsolicited and unwanted calls to Plaintiff's cellular phone since 2017.

16. Plaintiff's demand that Defendants' phone calls cease went unheeded and Defendants continued the phone harassment campaign.

## DAMAGES

17. Defendants' harassing phone calls severely disrupted Plaintiff's daily life and general well-being as Plaintiff could not determine the justification for MBB's calls to her cellular phone since she had demanded that MBB cease placing calls to her cellular phone.

18. Defendants' phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time and causing risk of injury by interrupting and distracting Plaintiff, the increased risk of personal injury due to disturbance and distraction caused by the phone calls, aggravation that accompanies unsolicited

3

telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

19. In addition, each time Defendants placed or caused to be placed a telephone call to Plaintiff, MBB occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendants to cease their unlawful conduct, thus incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendants placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

23. The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendants used a predictive dialing system to place calls to Plaintiff's cellular telephone.

25. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The

4

hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

26. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

27. Upon information and belief, the predictive dialing system employed by Defendants transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. Defendants violated the TCPA by placing no less than 25 harassing phone calls to Plaintiff's cellular phone using an ATDS without her prior express consent.

29. As pled above, Plaintiff was severely harmed by Defendants' unwanted and unsolicited calls to her cellular phone.

30. Upon information and belief, Defendants' corporate policies and procedures are structured as to continue to call individuals like Plaintiff, despite Plaintiff never having consented or permitted the calls, nor even having provided her cellular telephone number to Defendants.

31. Upon information and belief, Defendants have no system in place to document and archive whether they have prior consent to contact consumers on their cellular phones.

32. Upon information and belief, Defendants knew that their collection practice were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

33. Defendants, through its agents, representatives, affiliates and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendants are liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendants' willful and knowing

violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DALISA BOLDEN requests that this Honorable Court:

a. Declare Defendants' phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

37. Upon information and belief, the alleged debt that Defendants were attempting to collect arose primarily for family, personal or household purposes, and thus is an alleged "consumer debt" as defined by FDCPA §1692a(5).

38. Mock is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

39. MBB is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

40. Defendants' telephone communications to Plaintiff were made in connection with a collection of an alleged debt.

41. Defendants used telephones to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

42. Defendants violated 15 U.S.C. §§1692d, d(5), and f through its unlawful collection practices.

### a. Violations of FDCPA §1692d

43. Defendants violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's cellular phone seeking to collect the alleged subject debt. Moreover, Defendants continued placing, or causing to be placed, the calls after Plaintiff advised MBB that she wanted the calls to stop.

44. Defendants violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendants placed or caused to be placed no less than 25 harassing phone calls to Plaintiff's cellular phone using an ATDS without her prior consent.

### b. Violation of FDCPA §1692f

45. Defendants violated §1692f in that Defendants used unfair and unconscionable means to collect the alleged debt by placing, or causing to be placed, phone calls to Plaintiff's cellular phone attempting to dragoon Plaintiff into paying a debt.

46. Upon information and belief, Defendants systematically attempt to collect alleged debts through harassing conduct and have no procedures in place to assure compliance with the FDCPA.

47. As stated above, Plaintiff was severely harmed by Defendants' conduct.

**WHEREFORE**, Plaintiff DALISA BOLDEN requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

## **COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT**

48. Plaintiff restates and realleges paragraphs 1 through 20 as through fully set forth herein.

49. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

50. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

51. Defendants' collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

52. Defendants are engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendants specialize in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

53. Defendants violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendants to relentlessly contact, or cause to relentlessly contact, Plaintiff through means of an ATDS when they did not have permission or consent to do so. Plaintiff specifically demanded that MBB cease placing calls to her cellular phone, and therefore, Defendants did not have Plaintiff's consent to place calls to her cellular phone. Defendants ignored the above and continued to contact Plaintiff on her cellular phone.

### a. Unfairness and Deception

54. It was unfair and deceptive for Defendants to seek to collect the alleged subject debt from Plaintiff through harassing phone calls to her cellular phone attempting to induce her into making a payment.

55. It was unfair for Defendants to place or cause to be placed no less than 25 harassing phone calls to Plaintiff's cellular phone using an ATDS without her prior consent.

56. It was unfair for Defendants to continue placing, or cause to be placed, calls to Plaintiff after she stated that she did not want MBB to place anymore calls to her cellular phone.

57. Defendants' unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the harassing phone calls to her cellular phone.

58. Moreover, Defendants' unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

59. Upon information and belief, Defendants systematically place, or cause to be placed, unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect alleged debts in default or assumed to be in default to increase its profitability at the consumers' expense.

60. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Defendants and is done on a large scale.

61. Additionally, Defendants' unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

62. As alleged above, Plaintiff was substantially harmed by Defendants' misconduct.

63. An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the constant phone calls.

**WHEREFORE**, Plaintiff DALISA BOLDEN requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 18, 2018      **Respectfully Submitted,**

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 108
osulaiman@sulaimanlaw.com